
**FILED**
**Aug 31, 2021**
**07:00 AM(CT)**
**TENNESSEE COURT OF**
**WORKERS' COMPENSATION**
**CLAIMS**



# TENNESSEE BUREAU OF WORKERS' COMPENSATION
# IN THE COURT OF WORKERS' COMPENSATION CLAIMS
# AT MEMPHIS

| | | |
|---|---|---|
| **CECILIA HOPSON,** | ) | **Docket No. 2021-08-0074** |
|     **Employee,** | ) | |
| **v.** | ) | |
| **TRAVELERS PROPERTY CAS. CORP.,** | ) | **State File No. 76850-2014** |
|     **Employer,** | ) | |
| **And** | ) | |
| **NEW HAMPSHIRE INS. CO.,** | ) | **Judge Deana Seymour** |
|     **Carrier.** | ) | |

## EXPEDITED HEARING ORDER

The Court held an Expedited Hearing on August 18, 2021, to determine Cecilia Hopson's entitlement to medical benefits.[1] Travelers contended her claim was barred by the statute of limitations and that it paid all benefits to which she is entitled. The Court finds that Ms. Hopson is unlikely to prove at a hearing on the merits that she timely filed her claim and denies her request for medical benefits.

## History of Claim

Ms. Hopson claimed injuries after an automobile accident at work on September 24, 2014. After reporting the accident, she received authorized treatment for headaches and neck and back pain from multiple physicians.

These physicians treated Ms. Hopson conservatively and placed her at maximum medical improvement from an orthopedic, neurologic, and neurosurgical standpoint. Dr. Glenn Crosby, Ms. Hopson's neurosurgeon, determined that she was not a surgical candidate. Dr. Bola Adamolekun, one of Ms. Hopson's neurologists, noted that he could not relate her symptoms to her work accident.

---

[1] The issue of temporary disability benefits was added to the Dispute Certification Notice. However, Ms. Hopson testified that she was not seeking disability benefits, as she continued to work while treating for her work injuries.

1

After her release from Dr. Adamolekun on December 6, 2018, Ms. Hopson requested additional medical treatment from Travelers. However, based on Dr. Adamolekun's causation opinion, Travelers denied the request. Ms. Hopson filed a Petition for Benefit Determination on January 20, 2021, seeking medical benefits.

At the hearing, Ms. Hopson argued that Travelers wrongfully denied treatment. Since that time, she has continued to treat on her own and seeks reimbursement for that treatment as well as ongoing medical care. However, she did not introduce medical bills into evidence, and she only submitted a couple of medical records related to this treatment.

During cross examination, Ms. Hopson confirmed that she filed her Petition for Benefit Determination on January 20, 2021. Ms. Hopson testified that representatives of the Tennessee Bureau of Workers' Compensation told her that she "still had time because . . . Travelers had just . . . paid a last bill or something and that [she] had time to file the petition if [she] wanted to do so." According to Ms. Hopson, she "was following what [she] believed to be true and correct information from the state in terms of being able to file the petition that [she] had time."

Travelers argued that Ms. Hopson's claim was barred by the statute of limitations. Claim representative Allison Rountree testified that the last payment on the claim was made on December 21, 2018. Since Ms. Hopson filed her petition more than one year after that date, Travelers argued her claim was barred. On cross examination, Ms. Rountree admitted that Travelers filed a form with the Bureau on January 2, 2020, but she testified she was not familiar with the form.

### Findings of Fact and Conclusions of Law

Ms. Hopson must provide sufficient evidence from which the Court can determine she is likely to prevail at a hearing on the merits. *McCord v. Advantage Human Resourcing*, 2015 TN Wrk. Comp. App. Bd. LEXIS 6, at *7-8, 9 (Mar. 27, 2015).

Under the Workers' Compensation Law, in cases where the employer voluntarily pays benefits, an employee's right to recover compensation is forever barred unless the employee files a Petition for Benefit Determination within one year of either the date of the last authorized treatment or the time the employer ceased to make payments. *See* Tenn. Code Ann. § 50-6-203(b)(2) (2020). Here, Ms. Hopson filed her Petition for Benefit Determination on January 20, 2021, which was more than one year after the last benefit payment on December 21, 2018. Thus, she did not file within the one-year statute of limitations.

Ms. Hopson claimed a representative with the Bureau told her she had a year from Travelers' January 2020 electronic filing to file her petition. Through Ms. Rountree's testimony on cross examination, Ms. Hobson established that Travelers made an

electronic filing on January 2, 2020. However, it is not clear what form was filed or how it would excuse her failure to timely file her Petition for Benefit Determination. Moreover, she ultimately filed her petition more than a year after January 2, 2020.

Ms. Hopson represented herself, as is her right. However, the Court cannot excuse noncompliance with the substantive and procedural rules that represented parties must observe. *Walton v. Averitt Express, Inc.,* 2017 TN Wrk. Comp. App. Bd. LEXIS 37, at *5 (June 2, 2017). Because she did not file within one year of the last payment, the Court must hold that Ms. Hopson is not likely to prevail at a hearing on the merits.

**IT IS, THEREFORE, ORDERED** as follows:

1. The Court denies Ms. Hopson's request for benefits at this time.

2. This case is set for a Scheduling Hearing on **October 11, 2021** at **8:30 a.m. Central Time**. You must call 615-532-9550 or toll-free at 866-943-0014 to participate in the Hearing. Failure to call might result in a determination of the issues without your participation.

**ENTERED August 31, 2021.**

_____
**Judge Deana C. Seymour**
**Court of Workers' Compensation Claims**

Technical Record
1. Petition for Benefit Determination
2. Dispute Certification Notice
3. Request for Expedited Hearing, with Ms. Hopson's Affidavit
4. Employer's Pre-Expedited Hearing Brief
5. Employer's Motion for Permission to Appear Remotely for Expedited Hearing
6. Order on Employer's Motion for Permission to Appear Remotely for Expedited Hearing

Exhibits
1. Documents filed with the mediator by Employee (TNComp Doc ID 55543)
2. Dr. Bola Adamolekun's medical records
3. Dr. Stephen Gipson's medical records
4. Dr. Glenn Crosby's medical records
5. Dr. Alan Kraus's medical records
6. Dr. Feiyu Chen's medical records
7. Dr. Samuel Murrell's medical records
8. Notice of Controversy
9. Petition for Benefit Determination

# CERTIFICATE OF SERVICE

I certify that a copy of this Order was sent as indicated on August 30, 2021.

| Name | Certified Mail | First Class Mail | Email | Service sent to: |
|---|---|---|---|---|
| Cecilia Hopson, Employee | X | X | X | **9432 Mary Tucker Cove Memphis, TN 38133 chopson21@comcast.net** |
| Emily Faulkner, Employer's Attorney | | | X | **emily.faulkner@mgclaw.com** |

_____

Penny Shrum, Court Clerk
Court of Workers' Compensation Claims
WC.CourtClerk@tn.gov



# NOTICE OF APPEAL

Tennessee Bureau of Workers' Compensation
www.tn.gov/workforce/injuries-at-work/
wc.courtclerk@tn.gov | 1-800-332-2667

**Docket No.:** _____

**State File No.:** _____

**Date of Injury: _____**

_____
**Employee**

v.

_____
**Employer**

Notice is given that _____

*[List name(s) of all appealing party(ies).  Use separate sheet if necessary.]*

appeals the following order(s) of the Tennessee Court of Workers' Compensation Claims to the Workers' Compensation Appeals Board (check one or more applicable boxes and include the date file-stamped on the first page of the order(s) being appealed):

☐ Expedited Hearing Order filed on _____    ☐ Motion Order filed on _____

☐ Compensation Order filed on_____    ☐ Other Order filed on_____

issued by Judge _____.

## Statement of the Issues on Appeal

Provide a short and plain statement of the issues on appeal or basis for relief on appeal:

_____
_____
_____
_____

## Parties

**Appellant(s)** (Requesting Party): _____ ☐Employer ☐Employee

Address: _____ Phone: _____

Email: _____

Attorney's Name: _____ BPR#: _____

Attorney's Email: _____ Phone: _____

Attorney's Address: _____

*\* Attach an additional sheet for each additional Appellant \**

Employee Name: _____ Docket No.: _____ Date of Inj.: _____

**Appellee(s)** (Opposing Party): _____ ☐Employer ☐Employee

Appellee's Address: _____ Phone: _____

Email: _____

Attorney's Name: _____ BPR#: _____

Attorney's Email: _____ Phone: _____

Attorney's Address: _____

*\* Attach an additional sheet for each additional Appellee \**

### CERTIFICATE OF SERVICE

I, _____, certify that I have forwarded a true and exact copy of this Notice of Appeal by First Class mail, postage prepaid, or in any manner as described in Tennessee Compilation Rules & Regulations, Chapter 0800-02-21, to all parties and/or their attorneys in this case on this the _____ day of _____, 20 _____.

_____
*[Signature of appellant or attorney for appellant]*